UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND FRANK McGEE,

　　　Plaintiff,

v.

JASIMINE MOYER et al.,

　　　Defendants.

Case No. 25-11410
Honorable Laurie J. Michelson

---

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYING FEES AND COSTS [2] AND DISMISSING
COMPLAINT [1] WITHOUT PREJUDICE**

---

Raymond Frank McGee filed suit against several Defendants for "RICO violations concerning conspiracy; assault; extortion; fraud; robbery; and terrorist threats and intimidation in violation of [his] constitutional right of equal protection to be free from discrimination, and in violation of . . . the Americans with Disabilities Act." (ECF No. 1, PageID.4 (cleaned up).) Along with his complaint, *pro se* McGee filed an application to proceed without prepaying fees and costs. (ECF No. 2.) For the reasons that follow, the Court GRANTS that application and DISMISSES his complaint WITHOUT PREJUDICE.

**I.**

The Court begins by granting McGee's application to proceed without prepaying fees and costs. (ECF No. 2.) McGee alleges that he has a $500.00 monthly rent expense, a monthly disability/worker's compensation payment (of an amount the Court cannot decipher), and zero dollars in cash, checking, or savings accounts. (*Id.*

at PageID.33–34.) The Court thus finds that McGee has made the required showing of indigence. *See* 28 U.S.C. § 1915(a)(1).

In turn, the Court now has a responsibility under 28 U.S.C. § 1915(e)(2) to screen McGee's complaint and dismiss any claim that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

Pursuant to this preliminary screening, McGee's complaint must be dismissed.

## II.

McGee alleges that in May of 2023, four individuals (two owners and two caregivers at his apartment building) conspired to steal about $800 in rent money from him (*id.* at PageID.2–3, PageID.5–8, PageID.16), an incident he reported to the Detroit Police Department at the time (*id.* at PageID.8, PageID.21). He further alleges that in 2022, his nephew, who was at the time his landlord, lied in connection with a state court petition for mental health treatment to get McGee hospitalized and evicted (*id.* at PageID.8–10) and "had been extorting [McGee] out of [his] food stamps for a number of years" (*id.* at PageID.9).

McGee brings claims for "RICO violations," a "constitutional right of equal protection to be free from discrimination," and the "Americans with Disability Act" (ADA). (ECF No. 1, PageID.4.)

## A.

Start with RICO (the Racketeer Influenced and Corrupt Organizations Act), which prohibits "any person . . . associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "[I]t is axiomatic that a civil RICO claim alleging racketeering activity with a single objective and a single victim is not sufficient to establish a pattern of racketeering activity, as it does not sufficiently evidence long-term criminal conduct." *Moses v. Gardner*, No. 14-2706, 2017 WL 1364977, at *5 (W.D. Tenn. Apr. 12, 2017), *aff'd*, No. 17-5497, 2017 WL

3

9251805 (6th Cir. Nov. 9, 2017) (citing *Vemco, Inc. v. Camardella*, 23 F.3d 129, 135 (6th Cir. 1995)) ("We cannot conclude that [Plaintiff's] alleged actions here, involving a single victim and a single scheme for a single purpose over seventeen months, constitute the type of 'long-term criminal conduct' Congress sought to prohibit with RICO.").

Yet McGee alleges exactly that. He is the "single victim" in a "single scheme" for a "single purpose" whereby four individuals (two owners and two caregivers at his apartment building) allegedly conspired to steal about $800 in rent money from him. (ECF No. 1 at PageID.2–3, PageID.5–8, PageID.16.) And in what appears to be a separate RICO claim against McGee's nephew/former landlord, McGee again is the "single victim" in a "single scheme" for a "single purpose" to allegedly get him hospitalized, evicted, and his food stamps extorted. (*Id.* at PageID.8–10.) That is insufficient. *See Moses*, 2017 WL 1364977, at *5. As a result, McGee fails to state a RICO claim upon which relief may be granted.

## B.

Turning next to his equal protection claim, McGee does not identify any state actors to support such a claim. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a *state actor* intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citation omitted), *abrogated on other grounds by Albright v. Oliver*, 510 U.S. 266 (1994) (emphasis added); *see Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 758 (6th Cir. 2023).

McGee brings suit against two owners and two caregivers at his apartment building and his nephew/former landlord—none of whom are state actors. McGee thus fails to state an equal protection claim upon which relief may be granted.

## C.

And ending with McGee's ADA claim, McGee does not identify a disability. That makes the pleading deficient because a *prima facie* case under the ADA requires that "a plaintiff show" that "he or she is disabled." *Keogh v. Concentra Health Servs., Inc.*, 752 F. App'x 316, 324 (6th Cir. 2018). McGee thus fails to state an ADA claim upon which relief may be granted.

## III.

For the reasons above, McGee's application to proceed without prepaying fees and costs (ECF No. 2) is GRANTED and his complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 5, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

5